WILLIAM GILES, APPELLANT, V. MARY GILES, APPELLEE.

[FILED OCTOBER 28, 1890.]

Divorce: CUSTODY OF MINOR CHILD: CONSIDERATIONS IN AWARD-ING. A husband and wife living in Aurora, Illinois, having a child which was a minor, were divorced, there being no pro-vision in the decree for the custody of such child. Afterwards the parties agreed that the mother should retain the custody of such infant, the father to pay five dollars per week for its sup-port. This he did for some time, when the mother removed to Omaha, bringing the infant with her. In a proceeding on *habeas corpus* by the father to obtain the custody of the child, *held*, that he had no absolute vested right in the custody of such in-fant, and that the paramount consideration is, what is really demanded by the child's best interests, and the court, in award-ing the custody to the father, mother, or other person, will be guided by what may seem best for the child.

APPEAL from the district court for Douglas county. Heard below before CLARKSON, J.

*Fawcett & Sturdevant*, and *John P. Davis*, for appellant, cited: *Rex v. Isley*, 5 Ad. & Ell. [Eng.], 441 ; *Torington v. Norwich*, 21 Conn., 543; *People v. Mercein*, 3 Hill [N. Y.], 408 ; *Johnson v. Terry*, 34 Conn., 259 ; *In re Scaritt*, 76 Mo., 565; *Clark v. Bayer*, 32 O. St., 310 ; *Miner v. Miner*, 11 Ill., 43; *In re Goodenough*, 19 Wis., 296.

*C. P. Halligan, contra,* cited : *King v. Greenhill,* 4 Ad.
& Ell. [Eng.], 624 ; *Mercein v. People,* 25 Wend. [N. Y.],
98, 101 ; *Clark v. Bayer,* 32 O. St., 299 ; *Hewitt v. Long,*
76 Ill., 409 ; *Miner v. Miner,* 11 Id., 43 ; *Cowls v. Cowls,*
3 Gilm. [Ill.], 435 ; *State v. Barrett,* 45 N. H., 15 ; *State
v. Smith,* 6 Me., 462 ; *Gishwiler v. Dodez,* 4 O. St., 615 ;
*In re Waldron,* 13 Johns. [N. Y.], 417 ; *U. S. v. Green,* 3
Mason [U. S.], 484, 485 ; *Marine Ins. Co. v. Hodgson,* 6
Cranch [U. S.], 206 ; Schouler, Domestic Relations [2d
Ed.], 338–9 ; Hurd, Habeas Corpus, 528 ; 2 Story, Eq.
Jur., 1341 ; *State v. Bratton,* 15 Am. Law Reg. [N. S.],
359 ; *Dunmain v. Guynne,* 10 Allen [Mass.], 272 ; *Lyons
v. Blenkin,* Jac. [Eng. Ch.], 245.

Maxwell, J.

The plaintiff instituted a proceeding by *habeas corpus*
in the district court of Douglas county to recover the pos-
session of his infant son, Haeckel Humboldt Giles. A
large amount of testimony was taken before the district
court, and judgment was rendered by it, that the defendant
retain the custody of the child. From that judgment the
cause is brought into this court by petition in error.

It appears from the record that in October, 1865, Wm.
Giles and Mary A. Giles were married in the state of Illi-
nois, and resided in that state as husband and wife until
July, 1889 ; that four children were born to them, of which
the two oldest are of age ; that the third child was about
twenty years of age ; and that the youngest son, the sub-
ject of this controversy, is about ten years of age. The
testimony also shows that the plaintiff, for many years
prior to 1889, had been the traveling agent of a firm in
Chicago engaged in the sewing machine business. His
territory seems to have covered a considerable part or all
of Wisconsin, Minnesota, etc., so that he was absent from
home nearly all the time. As testified to by his daughter,

40

his absences were prolonged from two to five months, and it is claimed, and there is some testimony tending to show, that from 1887 to July, 1889, he did not provide full support for his family. He explains this, however, to some extent in his testimony, by saying that two of his children were absent from home at an educational institution, and he necessarily had to provide the means for their support. The defendant also was engaged in business on her own account, and had been for many years prior to July, 1889. For many years prior to the date last named the family had resided in Aurora, Illinois.

On the 11th of July, 1889, the defendant was granted an absolute decree of divorce from the plaintiff in error, her husband, by one of the courts in the state of Illinois, on the alleged ground of desertion and failure to support.

From the evidence in the record before us, it may be questioned whether a divorce should have been granted. So far as we can judge there was no such desertion and failure to support as are contemplated by the statute. But that question is not before the court.

In the decree there is no provision for the care of the minor children. There is some testimony tending to show that, after the divorce was obtained, the defendant said to the plaintiff that she was willing that he should take their youngest son and care for him, but that he objected on the ground that he had no home to place him in, and said if she would care for him he would pay her five dollars per week. This sum he seems to have paid up to December 6, 1889, when the defendant removed to Omaha, bringing the child with her, and the plaintiff now brings this action to obtain the custody of the child. The testimony shows that he has no home of his own; that he proposes to place the child in the family of a friend in Aurora, Illinois. We have no means of knowing the qualifications of this family to care for and train a child of tender years; nor, indeed, is there any evidence of a valid contract

for the support of the child. For aught that appears, they might at any time—in a day, a week, or a month— abandon the care of the child, without bad faith or a violation of the agreement. But, suppose it did appear that the family named was unobjectionable, and that the father had entered into a valid contract with such family to care for and furnish a home for his child, still it would not follow that the father would be given the custody of such child.

Under the stern rules of the common law, when the wife and mother was but little better than a slave, the father was given the custody of his children, without question. This rule of the common law has not generally prevailed in this country.

In *United States v. Green*, 3 Mason, 482, Judge Story says it is an entire mistake to suppose that the "father has an absolute vested right in the custody of an infant."

In *Corie v. Corie,* 42 Mich., 509, it is said " In contests of this kind the opinion is now nearly universal that neither of the parties has any rights that can be allowed to seriously militate against the welfare of the child. The paramount consideration is what is really demanded by its best interests."

In *Sturdevant v. State,* 15 Neb., 459, this court held that in a controversy for the custody of a child the order of the court should be made with a single reference to the best interests of such child. This rule, we believe, has been adopted generally by the courts of this country. (Schouler on Domestic Relations, sec. 248, and cases cited.)

The testimony of the father tends to show that the mother is an industrious woman and of good character. He, at least, has been willing to trust the child in her custody, and the principal objection made by him at this time is that she has removed from the state of Illinois. This removal was occasioned by her entering into the employment of a company at a good salary so that she might

be able to support herself and child, and not from any desire to exclude the plaintiff from seeing it when he so desired.   He has a right to call upon and see his child at reasonable times, and should this privilege be denied, it might require the interposition of the court.

Where there are minor children, the separation of the parents by divorce almost necessarily will cause more or less pain to one or both of the parties.   This is almost unavoidable, and is a matter for the serious consideration of those who, through real or fancied grievances, seek relief in the divorce courts, but neither parent has an absolute right to the custody of the minor children, but the court will consider their best interest and make such orders in the premises as seem to be just and proper.   The judgment of the court below is right and is

AFFIRMED.

THE other judges concur.