Lula Boxa, appellant, v. George Boxa, appellee.

Filed September 28, 1912. No. 17,010.

1. **Divorce:** Evidence. The evidence examined, and is *held* to justify a decree of divorce upon the grounds of extreme cruelty and habitual drunkenness.

2. ———: Custody of Children. It is also *held* that the plaintiff is the only proper custodian of the two children who at the time of the trial were one and three years old, respectively.

3. ———: Alimony. Where the situation of the parties and the possible contingencies are such that the amount of alimony to be paid cannot be placed in a lump sum without danger of hardship to the defendant, and uncertainty as to the plaintiff, the court should provide for the payment of a stated sum of money to be divided and distributed over fixed periods of time.

Appeal from the district court for Saline county: Leslie G. Hurd, Judge. *Affirmed as modified.*

*Brown & Venrick,* for appellant.

*B. F. Good, E. E. Placek, Charles H. Sloan, Frank W. Sloan* and *J. J. Burke, contra.*

Hamer, J.

Lula Boxa brought an action against George Boxa in the district court for Saline county praying a divorce from the bonds of matrimony on the grounds of extreme cruelty and habitual drunkenness. She also asked for the custody of the minor children born of the marriage, and an allowance for the maintenance of the children, and alimony and attorneys' fees. The husband, Boxa, denied the allegations made by his wife, and asked for a restoration of his

family relations.    There was a reply filed to the answer, and upon the trial the court found generally for the plaintiff upon the allegation of habitual drunkenness, and entered a decree granting the divorce as prayed, awarding the custody of one child to plaintiff and one to defendant, giving plaintiff judgment for $700 alimony, $300 attorneys' fees, and directing the defendant to pay $200 per annum for support of Julia Boxa, the minor child awarded the plaintiff, until the amount paid should amount to $2,000, upon condition that the child lives and plaintiff keeps the custody thereof.

An appeal is taken by the plaintiff upon the grounds: (1) That the custody of both children should have been awarded to her; and (2) that she should have been awarded a greater sum as alimony and for maintenance of the children.    The children are two little girls.    At the time of the trial one was three years old and the other was one year old.    The custody of the elder child was awarded to the defendant, and the custody of the younger was awarded to the plaintiff.

In the determination of questions touching the custody of a minor child, the policy of our law is to make such a disposition of the child as is for the child's best interest, with due regard to any superior legal right of custody supposed to exist in either parent.    Comp. St. 1911, ch. 25, sec. 15; *Sturtevant v. State,* 15 Neb. 459; *Giles v. Giles,* 30 Neb. 624; *State v. Schroeder,* 37 Neb. 571; *In re Burdick,* 91 Neb. 639.    There is no question of the fitness of the plaintiff for the custody of her children.    The defendant himself testified that she was a good woman, and that she was conscientious in the performance of her duties.

The defendant is found by the court to be an habitual drunkard, and counsel for the defendant concede the correctness of the conclusion of the court in this particular upon the record.    In addition, it appears that the defendant has been guilty of many acts of cruelty towards his wife, and he has been guilty of other acts which show that he is a man of vicious habits, and coarse and violent in his

nature. The exhibition of these habits and tendencies has been of frequent occurrence about the home. The evidence shows that he would go to town and get drunk, but he was not satisfied with that, he would come home and be drunk and abusive about the house. The plaintiff testified that her husband frequently struck her and abused her, and called her vile and vulgar names. He did not confine his drunkenness to occasional sprees, but at times he would get drunk every day and abuse his family every day. .

Under the circumstances, the best interest of the child awarded to the defendant would seem to demand that her custody be awarded to the plaintiff. The defendant is the owner of a farm of 240 acres, worth from $17,600 to $20,400, subject to an incumbrance of $3,300. He also has considerable personal property, although the value of it is not in evidence. It is at least sufficient to enable the defendant to cultivate and care for his land. The court awarded the plaintiff $700 alimony, and required the payment of $300 for plaintiff's attorney fee and $200 a year for maintenance of the child awarded to the plaintiff.

While no hard and fast rule can be laid down for computing the amount of alimony to be awarded, it is the endeavor of the court to award such an amount as is just and equitable, taking into consideration the duration of the married relation, the amount contributed by each party, the amount of the estate, and the earning capacity of the defendant. The defendant is a young man, strong and vigorous, and the possessor of a good farm of 240 acres, 80 acres of which farm was acquired during the existence of the marriage. Considering his years, his earning capacity, and the labor of his wife, the amount awarded seems to be insufficient. We therefore modify the decree by adding to the award to the plaintiff the custody of the child Helen, and the alimony to be paid by the defendant to the plaintiff is increased to $3,500, of which there shall be payable January 1, 1913, $1,200, payable January 1, 1914, $1,200, and payable January 1, 1915, $1,100, and in addition the defendant shall pay to the plaintiff for the maintenance of

the children $300 a year during their minority, beginning on the 1st day of June, 1913, and, as modified, the decree is affirmed.

AFFIRMED AS MODIFIED.