STELLA R. FEATHER, APPELLANT, V. ORIN T. FEATHER, APPELLEE.

FILED JUNE 24, 1924. No. 23835.

1. **Divorce:** CUSTODY OF CHILDREN. In divorce actions, in making disposition of the custody of a child of tender years, the policy

of the law is to look to the welfare and best interests of the child.

2.  ———: ———.  Evidence examined, and *held* that the welfare and best interests of the minor child require that its custody should be committed to its mother.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed as modified.*

*Claude S. Wilson* and *Albert S. Johnston,* for appellant.

*T. S. Allen* and *H. J. Requartte, contra.*

Heard before LETTON, DEAN, DAY, GOOD and THOMPSON, JJ.

GOOD, J.

Action by a wife for divorce, alimony and custody of the minor child of the parties, grounded upon the husband's alleged extreme cruelty. The trial resulted in a decree, awarding the plaintiff a divorce without alimony and awarding the custody of the two-year-old daughter of the parties to the defendant husband. Plaintiff has appealed and seeks a modification of the decree so as to give her the custody of the child and an allowance for its support and for attorney's fees. The trial court, after finding that the defendant was guilty of extreme cruelty, found that he was a suitable person to have the custody and control of the two-year-old daughter of the parties.

The evidence discloses that defendant at the time of the trial was living upon a rented farm in a very comfortable home, and had a competent and suitable person in charge thereof, so that the little daughter might be properly cared for in his home. No finding was made with reference to the fitness of the mother to have the care and custody of the child. An examination of the record discloses that the mother is a fit and proper person to have the custody of the child; that at the time of the trial she was living with her parents in a comfortable home, and that the home of her parents is a very desirable and proper place in which to bring up the child. The evidence further shows that the mother gave to the child genuine, loving affection and

Feather v. Feather.

excellent maternal care. The home in which the mother would keep the infant child is equally as good as that in which the defendant would keep it.

In divorce actions, in making disposition of the custody of a child of tender years, the policy of the law, as declared by the courts, is to look to the welfare and best interests of the child. *Hammond v. Hammond,* 103 Neb. 860; *Nathan v. Nathan,* 102 Neb. 59; *Boxa v. Boxa,* 92 Neb. 78; *Wilkins v. Wilkins,* 84 Neb. 206; *Giles v. Giles,* 30 Neb. 624.

While the defendant doubtless has a tender regard for his daughter, the nature of his work is such that he could not give to the child his personal care and attention during the greater part of the day, because his duties would necessarily keep him in the field and away from the presence of the child. We think it is generally conceded that the best interests and welfare of a child of tender years will be best subserved by placing it in the custody of its natural mother, if she is a fit and proper person. It is seldom, if ever, that any other person can be found who will bestow upon a child in arms such tender and loving care, and who will have its welfare so much at heart, as its mother. The record does not disclose anything that would justify denying to this mother the care and custody of her infant daughter. The welfare and best interests of the child demand that its custody be committed to the mother.

The decree of the district court is hereby modified so as to award the custody of the minor child to the plaintiff, but defendant will be permitted to visit the child at all reasonable times and to have the child visit him at reasonable intervals.

The record shows that defendant has but little property and at the present time a. meager income. Under the facts disclosed, we find that a reasonable allowance for the support of the child is $20 a month, and it is ordered that defendant pay into the district court monthly the sum of $20 for the support of the minor child, and the sum of $100 as attorney's fee in this court, to be taxed as part of the costs. Leave is given to either of the parties to apply to the district court for a modification of the orders herein

made, with respect to the custody of the child and allowance for its support, upon a showing of changed conditions.

The judgment of the district court, as modified, is affirmed.

AFFIRMED AS MODIFIED.

Note—See Divorce, 19 C. J. p. 343, sec. 795; p. 351, sec. 811.