ALBERTA VOBORIL, APPELLEE AND CROSS-APPELLANT, V. JAMES VOBORIL, APPELLANT AND CROSS-APPELLEE.

FILED JUNE 1, 1927.   No. 25833.

1. **Divorce:** CUSTODY OF CHILDREN. "In divorce actions, in making disposition of the custody of a child of tender years, the policy of the law is to look to the welfare and best interests of the child." *Feather v. Feather,* 112 Neb. 315.

2. **Parent and Child:** CUSTODY OF CHILDREN. "The statute and the demands of nature commit the custody of young children to their parents rather than to strangers, and the court may not deprive the parents of such custody unless it be shown that such parent is unfit to perform the duties imposed by the relation or has forfeited the right." *Norval v. Zinsmaster,* 57 Neb. 158.

3. **Divorce:** CUSTODY OF CHILDREN. Evidence examined, and *held* that the welfare and best interests of the minor child require that its custody should be committed to its father, who is found fit, rather than to its grandparents, though they are also found fit, for the reason that the mother makes her home with the grandparents of the minor child and is found unfit to have its custody.

APPEAL from the district court for Douglas county:   L. B. DAY, JUDGE. *Affirmed in part, and reversed in part, with directions.*

*Henry J. Beal* and *Dan Gross,* for appellant.

*Crofoot, Fraser, Connolly & Stryker* and *James T. English,* contra.

Heard before GOSS, C. J., ROSE, DAY, GOOD, THOMPSON and EBERLY, JJ.

Goss, C. J.

Plaintiff sued for divorce on the ground of cruelty.   Defendant filed an answer and cross-petition praying for a divorce.   Defendant was awarded a decree with qualified custody of the minor child.   Soon thereafter he applied for a modification of the decree as to the actual custody of the child.   This application was denied.   He appealed from the decree and the other final order; and plaintiff cross-appealed from the decree granting defendant the divorce.

Plaintiff and defendant were married February 25, 1920. The daughter, Betty, was born November 3, 1921.   In 1923 plaintiff sued defendant for divorce and was awarded a decree.   Some months afterward a reconciliation was had, the decree was set aside, and they resumed the relations of husband and wife until February 23, 1926, when she began this suit.   On December 7, 1926, the court entered a decree finding that plaintiff had offered no evidence in support of her petition, that the evidence in her behalf to sustain the allegations of her answer to the cross-petition was not sufficient, finding generally for defendant, and finding specifically that the plaintiff was not a fit and proper person to have the care of the child, and that such was not for its best interest, but that the defendant was a fit and proper person to have such custody.   Further finding that the parents of plaintiff, living near Ulysses, Nebraska, were fit and proper persons to have the temporary custody of the child and had expressed a willingness to do so, the court entered the order granting defendant the divorce, ordering defendant to deliver the child to the grandparents on or before December 15, 1926, at Ulysses, there to be kept by them until June 1, 1927, when they were to return the child to defendant, who was to have it during the summer, and that, just prior to September 1, 1927, a further hearing should be had with particular reference to school facilities for the child.   In its findings the court further found that it was permissible for plaintiff to live at the home of her parents while the child was there, the evidence having shown the

Voboril v. Voboril.

intent of plaintiff to make her home with her parents. January 10, 1927, after issues joined and a hearing thereon, the court overruled the application of defendant for a modification of the decree as to the custody, and defendant appealed from the decree and from the order.   Plaintiff cross-appealed from the decree of December 7, but not from the order of January 10.

It seems to us that no good purpose can be forwarded by a detailed recital of the evidence in this case.   Doubtless chivalry as well as delicacy and good judgment led counsel and court in the pleadings and decree to restraint of language in the charges and findings.   We are well content to emulate their good example and to state for the permanent records of the court only what seems necessary to an understanding of the case.   We are so minded also in the hope that these two young people, with so many attractive qualities, with such an inducement as this little child and its future welfare to lead them, may again be reconciled and renew their vows.   The child needs both a father and a mother.   If there be a chance that the natural love of a father and a mother for flesh of their flesh may again bridge the gap between them, we intend that no words of ours shall necessarily widen that space.   Plaintiff, herself, has admitted, as we find from the evidence, that she was indiscreet and foolish.   Suffice it to say the evidence shows that the court was justified in granting the defendant the divorce.   We are satisfied to let that part of the decree stand affirmed without further discussion.

The chief controversy between the parties concerns the order for the temporary custody of the child, pointing, as might appear from the evidence, as well as from the decree itself, to a possible, if not a probable, permanent decree assigning that custody to the grandparents.   The defendant had had a difficult financial situation to contend with. · He obtained his present position where he is at the head of the used-car department of a well-known motor car distributor and earns an average income of several hundred dollars a month, depending on sales.   The nature of the po-

sition requiring exacting attention and his previous finan-
cial experiences spurring him, he devoted himself to hard
work and long hours most commendably, but perhaps more
assiduously than was conducive to his domestic welfare.  He
bought a home for $8,500, paying $500 cash and assuming
a first mortgage of $5,000 and a second mortgage of $3,000,
and in two or three years he has paid off the second mort-
gage and reduced the first mortgage to about $4,000, be-
sides providing a good living for his wife and daughter.
The home is in one of the best parts of the city, is equipped
with all modern conveniences, including automatically con-
trolled, oil fuel, hot air heat to all rooms, and is within a
few blocks of the excellent Dundee grade and kindergarten
school. The evidence shows, not only the industrious hab-
its of the defendant, but his general good reputation was
proved by his employer and others.  It shows his unremit-
ting love for and devotion to the welfare of the little daugh-
ter, and his plans to have his brother and the brother's wife,
who have no children, but who love them, to come and live
in his home and aid in caring for the child.  The grand-
parents, that is, the mother and stepfather of plaintiff, own
a farm more than four miles from Ulysses and its schools
and more than a mile from their district school.  They like-
wise have a modern home with hot air furnace heat capable
of heating all but one room, and expressed at the trial a
willingness to take the grandchild into their family and to
care for it.  They expect also to provide a home for the
plaintiff and were doing so since the separation and at the
time of the trial. They, too, are people of substance and
character, as shown by the evidence.  They offered on the
hearing, in answer to questions on that subject, to see that
the child was transported to and from the Ulysses schools,
properly accompanied at school by one of their own chil-
dren, and, if desirable, the child should be furnished a warm
luncheon in town.  The main objection to this arrangement,
aside from the father's natural claim to the custody of the
child and his decreed fitness, was the presence in that home
of the mother.  While the decree on that feature of the

case was not permanently final, it looked toward the result; and temporarily, at least, the orders appealed from by defendant took from him the custody of the daughter and gave it to her grandparents with the result that temporarily, if not permanently, it had the practical effect of assigning the custody to the mother. The findings and order in this respect are criticised as inconsistent, and it is suggested that the court misinterpreted, or misapplied, the general rule that the welfare of the child will be considered in decreeing its custody.

This requires us to seek the proper rule applicable to the particular situation heretofore sketched. The general rule, as well stated by the brief of the plaintiff, is that in divorce actions, in making disposition of the custody of a child of tender years, the policy of the law is to look to the welfare and best interests of the child. *Feather v. Feather,* 112 Neb. 315; *Hammond v. Hammond,* 103 Neb. 860; *Nathan v. Nathan,* 102 Neb. 59; *Boxa v. Boxa,* 92 Neb. 78. These cases, and probably the majority of divorce cases, require an exercise of discretion in the court as to the assignment of custody of the minor child as between the plaintiff and defendant, and in such cases, where one parent is unfit and the other is found to be fit and receives the decree of divorce, the general rule is that the custody of the infant is given to the successful and fit party.

Section 1581, Comp. St. 1922, provides: "The father and mother are the natural guardians of their minor children and are equally entitled to their custody, services and earnings and to direct their education, being themselves competent to transact their own business and not otherwise unsuitable. If either dies or is disqualified for acting, or has abandoned his or her family, the guardianship devolves upon the other." In *Norval v. Zinsmaster,* 57 Neb. 158, a frequently cited opinion written by Judge Irvine, then a commissioner of this court, and adopted by the court, the first sentence of the above section is quoted and then is followed by this discussion: "We are aware that this court has several times asserted that in such controversies as the

present the order should be made with sole reference to the best interests of the child. But this has been broad language applied to special cases. The court has never deprived a parent of the custody of a child merely because on financial or other grounds a stranger might better provide. The statute declares and nature demands that the right shall be in the parent, unless the parent be affirmatively unfit. The statute does not make the judges the guardians of all the children in the state, with power to take them from their parents, so long as the latter discharge their duties to the best of their ability, and give them to strangers because such strangers may be better able to provide what is already well provided. If that were the law, it would soon be changed, by revolution if necessary." In that case the mother of the children had been given their custody in a divorce suit against her husband; a few months thereafter she had remarried and, upon the application by the divorced husband for a modification of the decree so as to award him the custody of the children, she had, without action by the court on the application, but under stress and to save trouble, let them go to live with their paternal grandfather with whom their father lived. This court in a habeas corpus suit by the mother awarded her the custody of the children on the theory expressed in the opinion quoted. This has been cited with approval in this court in the following cases: *Terry v. Johnson*, 73 Neb. 653; *Tiffany v. Wright*, 79 Neb. 10; *State v. Bryant*, 95 Neb. 129; *Steward v. Elliott*, 113 Neb. 421. "The parents have a right nevertheless, by nature and by law, to the custody of children, which right should never be denied, except for the most cogent reasons." 19 C. J. 344, sec. 796; 9 R. C. L. 475, sec. 290. We think the rule as expressed in *Norval v. Zinsmaster, supra,* not at all in conflict with the general rule in our other cases cited, and that it is peculiarly fitted for application to the case before us. After a careful perusal of all the evidence and after considering the proper rules of law applicable, we are of the opinion that the custody of the child should have been awarded to the father without qual-

ifications so long as the conditions continue measurably as they were at the time of the decree.

The decree below made an allowance to the attorneys for their services. The allowance we think was proper. It also made stipulated monthly allowances to be paid to the grandparents for the support of the child and for her clothing, which in view of our decision should be eliminated. In the proceedings to modify the decree, the trial court denied the application for attorney's fees, without prejudice to plaintiff making further application here. While the plaintiff has been unsuccessful here on her cross-appeal, yet she is without funds and was brought here by defendant's appeal. In the circumstances, we are of the opinion that, in addition to the $50 heretofore allowed plaintiff for her expenses in this court, we should, and therefore do, allow her the additional sum of $200 to cover expenses and attorney's fees here.

For the reasons advanced in this opinion, the decree of the district court is affirmed so far as it grants the divorce to defendant, and reversed, with directions that it be modified as to the custody of the child so as to conform to this opinion; and that it provide, as herein stated, for the additional attorneys' fees.

AFFIRMED IN PART, AND REVERSED IN PART, WITH DIRECTIONS.