BOHOUS R. HOBZA, APPELLEE, V. STELLA A. HOBZA, APPEL-
LANT.

FILED MARCH 26, 1935. No. 29182.

*Wertz & Otradovsky* and *W. I. Allen,* for appellant.

*Cowan & Grady, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and
CARTER, JJ.

PAINE, J.

This is an appeal by the wife in a divorce case, in which
the husband was granted the divorce on his petition charg-
ing her with extreme cruelty.

In his petition the husband also charged adultery with a
named corespondent, and much of the evidence taken was
upon that issue. However, the decree entered by the court
specifically states that no finding is made on the issue of
adultery.

A sharp contest was made as to the custody of the only
child, Audrey Mae Hobza, a daughter, over seven years
old.

The court, after listening to the evidence of all of the
interested parties, and observing them closely in court,
decided generally that the care, education, custody and
control of the minor child, Audrey Mae Hobza, should be
awarded to the father, Bohous R. Hobza, the plaintiff in
the case, subject always to the further order of this court,

and that the mother should have the right to visit the daughter at reasonable hours as often as she wished, without restraint or interference from the plaintiff or any one acting in his behalf; and, further, that she should have the privilege, if she wishes, of taking the little girl with her, except when she is in school, for a reasonable length of time, perhaps a week, or even a month during the summer vacation.

The welfare of the child is the matter of primary concern, paramount to the wishes of parents or grandparents. Both parents asked for the custody of the child. The defendant, without just cause, deserted the plaintiff and abandoned this little daughter at a neighbor's, leaving a note telling the father where to find her. Since that time this defendant has traveled around over the state, visiting many towns, and working as a maid in families. The court had the decision to make of giving the custody of this daughter to the parents of the mother, or awarding the custody to the father, who has a good home, with his relatives in the home, who could assist him in properly caring for her. The father is under legal obligation, which he will cheerfully perform, of protecting, clothing, feeding, and educating his daughter. Further, the father is an entirely proper person, and has a satisfactory place to keep her. Under these circumstances, the father is primarily entitled to the custody of his daughter; the order of the district court in so awarding custody is hereby approved. *Voboril v. Voboril,* 115 Neb. 615; 9 R. C. L. 471, sec. 285; *State v. Smith,* 6 Greenl. (Me.) 462, 20 Am. Dec. 324; *Norval v. Zinsmaster,* 57 Neb. 158; *In re Guardianship of Peterson,* 119 Neb. 511; *Terry v. Johnson,* 73 Neb. 653.

The parents of the defendant did invest some $4,100 in the small farm of the plaintiff to assist the young couple in getting a start, and $1,000 in furniture, which they have taken back. The plaintiff's parents also assisted to the extent of about $11,000, and as this small farm is now encumbered with a mortgage of $9,800, with taxes unpaid since 1932, the chances are that the mortgage will take the

farm, and that all of the original investment will be lost. Nothing in this transaction would justify the court in awarding the defendant a judgment against the plaintiff in the sum of $4,100, or any other sum.

In *Miller v. Miller*, 89 Neb. 239, we held: "There may be extreme cruelty justifying a decree of divorce without physical injury or violence. Unjustifiable conduct on the part of husband or wife, which utterly destroys the legitimate ends and objects of matrimony, may constitute extreme cruelty."

In our opinion, the decree is amply sustained by the evidence. Finding no prejudicial error in the decree of the trial court, the same is hereby

AFFIRMED.