DONALD M. MADGETT, APPELLEE, V. MARVIENA MADGETT, APPELLANT.

29 N. W. 2d 875

Filed December 5, 1947.    No. 32289.

*Edward J. Baburek* and *Richard A. O'Connor,* for appellant.

*William E. Lovely,* for appellee.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and LANDIS, District Judge.

LANDIS, District Judge.

This is a suit in equity to modify a decree of divorce. On July 20, 1945, a default divorce decree was entered in favor of the husband plaintiff and against the wife defendant, incorporating therein a property settlement. More than six months after the divorce decree appellee filed a petition and later an amended petition to modify the original divorce decree as to care, custody, and maintenance of the children.   On April 9, 1947, the trial court

entered an amended decree. From this decree the divorced wife appeals.

Appellant has a 15-year-old son, William Noel Barrett, by her first husband, who was not adopted by appellee. Appellant, as next friend for her son, filed a demurrer and separate answer. Intervention and consideration of the answer was denied and no appeal was taken therefrom. Appellee has no legal duty to maintain and support this son of the appellant.

The original divorce decree provided alimony for appellant, all of which has been fully paid and satisfied. The parties hereto have two minor sons, Donald and Paul, and the amended modified decree principally affects their custody, control, and maintenance. The statute applicable is section 42-312, R. S. 1943: "If the circumstances of the parties shall change, or it shall be to the best interests of the children, the court may afterwards from time to time on its own motion or on the petition of either parent revise or alter, to any extent, the decree so far as it concerns the care, custody and maintenance of the children or any of them."

Appellant by cross-petition seeks to modify the original divorce decree in several particulars, one of which is that her mother, Kathryn F. Hart, for the best interest of the children should be granted a life estate in appellee's property referred to as the Pine Street property. This property was originally classified and intended to be used as security for child support and maintenance.

Appellant's counsel stated in open court: "So far as the modification of the decree as to the children is concerned, there is no objection to it, but I do question whether or not the decree, at this late date, can be modified so far as the property is concerned." The record reflects changed circumstances of the parties and both appellant and appellee tried the case on that theory.

What is for the best interest of the children, Donald aged ten and Paul aged five, is the controlling question. The father has a responsible position as an executive in

an insurance company, with a very substantial salary. His mother, a suitable person, has agreed to come and live with him and help maintain his home. The appellant has remarried, moved to Denver, Colorado, and the record reflects she has failed to show such intelligent and proper regard as a mother should have for her sons. The award of the custody of Donald and Paul to their father appellee was for their best interests and welfare. Hobza v. Hobza, 128 Neb. 598, 259 N. W. 516.

To insure the maintenance of a home for the minors it was provided in the property agreement, in the original divorce decree, that the Pine Street property be deeded to the stepfather and the mother of appellant and they forthwith in turn to convey to the minors. The stepfather has since died. No deed was delivered to them nor any deed made or delivered to the minors. This property was subject to two mortgages totaling $6,000, and had an equity of $500. It was also provided that appellee make the minors beneficiaries to certain life and accident insurance policies.

From the testimony of appellant, the property settlement, and circumstances, it is clear that the intent of these provisions was to secure only support and maintenance for the children. Under the amended decree the father has custody of the children. He is abundantly able and has the legal duty to care for them. With the changed circumstances the need for security provided in the original decree no longer exists.

Appellant charges error where the court in several instances excluded testimony. However, no offer was made as to what the witness would testify to. Error is charged because of two remarks of the trial court. "You had better call your next witness." This was made in response to attorney stating: "I will get at that after while, with my next witness." The court asked the question, "He is tubercular is he not?" This was an inquiry regarding a party about whom appellant was testifying. Both were proper remarks by the court.

There is no merit in the claim that these remarks were irregularities in the proceedings of the trial court and prevented appellant from having a fair trial. The amended decree is equitable and is affirmed.

Costs in this court, including attorney's fee of $150 for appellant's counsel, are taxed to appellee.

AFFIRMED.