JOHN J. BAUMANN, JR., APPELLEE, v. ELENORE BAUMANN, APPELLEE, HERMAN O. MEYER ET AL., INTERVENERS-APPELLANTS.

101 N. W. 2d 192

Filed February 19, 1960. No. 34739

*Frederick W. Carstens,* for appellants.

*McCown, Wullschleger & Baumfalk,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

The plaintiff, John J. Baumann, Jr., brought this action in the district court for Gage County to modify a decree of divorce relating to the custody of a minor child of which he is the father. On December 5, 1958, a decree of divorce was granted upon the answer and cross-petition of Elenore Baumann, against John J. Baumann, Jr. This decree, among other things, provided that the custody and care of the minor child of the parties, Stephen Anthony Baumann, born June 24, 1958, be placed in Elenore Baumann, the defendant and cross-petitioner. On June 19, 1959, Elenore Baumann died, leaving Stephen Anthony Baumann, the minor child of the parties, in the care and custody of her parents, the maternal grandparents of the minor child and the interveners in this action. The trial court decreed that the custody and care of the minor child, Stephen Anthony Baumann, should be placed in his natural parent, John J. Baumann, Jr. The interveners filed a motion for new trial which was overruled. From the order overruling the motion for new trial, the interveners perfected appeal to this court.

The interveners assign as error that the judgment of the trial court is contrary to the evidence and the law.

The record discloses that John J. Baumann, Jr., the father of Stephen Anthony Baumann, a minor child 1 year and 2 months old at the time of the trial, lived with his parents in Beatrice; that he was employed as a nurseryman by his father who operates a nursery and landscaping business; and that he was paid $1.50 an hour and was usually guaranteed a 40-hour week. The plaintiff testified that he earned approximately $250 a month. The record further shows that at the time of the marriage of the parties they were both approximately 20 years old; and that Stephen Anthony Bau-

mann, the issue of this marriage, was born on June 24, 1958. Shortly thereafter the plaintiff sued Elenore Baumann for divorce. On December 5, 1958, a decree of divorce was granted to Elenore Baumann on her cross-petition and she was awarded the custody of the minor child, Stephen Anthony Baumann. Elenore Baumann died on June 19, 1959.

The record further discloses that there is no evidence but that the plaintiff, John J. Baumann, Jr., is a fit and proper person to have the care, control, and custody of the minor child, Stephen Anthony Baumann. The evidence also discloses that the maternal grandparents and the paternal grandparents are respectable people, have good homes, and could, if necessary, provide for the minor child here involved.

We believe the following authorities to be applicable to a determination of this appeal.

Section 38-107, R. R. S. 1943, provides: "The father and mother are the natural guardians of their minor children and are equally entitled to their custody, services, and earnings, and to direct their education, being themselves competent to transact their own business and not otherwise unsuitable. If either dies or is disqualified for acting, or has abandoned his or her family, the guardianship devolves upon the other."

As stated in Hanson v. Hanson, 150 Neb. 337, 34 N. W. 2d 388: "The natural rights of the parents are of important consideration and, in the absence of special circumstances, the child or children should be awarded to the parent, or parents, as against more distant relatives or third persons."

Parents have a natural right to the custody of their children unless they are affirmatively shown to be unfit. See Voboril v. Voboril, 115 Neb. 615, 214 N. W. 254.

In Terry v. Johnson, 73 Neb. 653, 103 N. W. 319, this court held: "The right of a parent to the custody of a minor child of tender years is not lightly to be set

aside, and it should not be done where unfitness is not affirmatively shown or a forfeiture of such rights clearly established." In the cited case the evidence disclosed that the grandparents were highly respected people, had a good home, and were in easy financial circumstances. There was no affirmative evidence showing that the father, who desired to obtain the custody of one of the children, was an unfit or improper person. It was said: "This, then, presents the question as one of law as to which has the superior right to the custody of a child of tender years, the father of the child or its grandparents, when each is shown to be a proper party for the exercise of such a duty. It is urged by counsel for respondents that only the best interest of the child should be considered, and that the question of the natural right of the parent should be regarded as only of secondary importance. * * * 'The father and mother are the natural guardians of their minor children, and are equally entitled to their custody, * * *.'"

In Norval v. Zinsmaster, 57 Neb. 158, 77 N. W. 373, 73 Am. S. R. 500, the court said: "We are aware that this court has several times asserted that in such controversies as the present the order should be made with sole reference to the best interests of the child. But this has been broad language applied to special cases. The court has never deprived a parent of the custody of a child merely because on financial or other grounds a stranger might better provide. The statute declares and nature demands that the right shall be in the parent, unless the parent be affirmatively unfit. The statute does not make the judges the guardians of all the children in the state, with power to take them from their parents, so long as the latter discharge their duties to the best of their ability, and give them to strangers because such strangers may be better able to provide what is already well provided. If that were the law, it would be soon changed, by revolution if necessary." See, also, Hobza v. Hobza, 128 Neb. 598, 259 N. W. 516;

Morehouse v. Morehouse, 159 Neb. 255, 66 N. W. 2d 579; Lung v. Frandsen, 155 Neb. 255, 51 N. W. 2d 623.

In Morehouse v. Morehouse, *supra*, the court said: "A parent may not be deprived of the custody of his child by the court until it is established that the parent is unfit to perform the duties of the relationship of parent and child or has forfeited the right to the custody of the child. * * * The natural and statutory rights of parents are of important consideration, and, in the absence of special circumstances, the child or children should be awarded to the parent or parents as against more distant relatives or third persons. * * * The unfitness which deprives a parent of the right to the custody of his child must be positive, and not comparative, and the mere fact that the children would be better nurtured or cared for by a stranger is not sufficient to deprive a parent of his right to their custody."

The evidence in the instant case does not show that John J. Baumann, Jr., the father of Stephen Anthony Baumann, a minor child, was an unfit, unworthy, or improper father to have the care and custody of such minor child.

For the reasons given in this opinion we affirm the judgment of the district court.

AFFIRMED.