ROBERT L. KIMBRO, APPELLANT, V. MELISSA A. KIMBRO, APPELLEE.

FILED JANUARY 18, 1905.    No. 13,704.

Evidence examined, and *held* that the alimony awarded by the district court is clearly excessive.

APPEAL from the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Judgment modified.*

*E. E. Spencer* and *Tibbets & Anderson,* for appellant.

*W. T. Stevens, S. B. Iiams* and *H. C. Ward,* contra.

OLDHAM, C.

This was a suit for divorce between plaintiff and defendant, tried to the district court for Lancaster county,

Nebraska. A decree of divorce and alimony was granted on the cross-petition of defendant, Melissa A. Kimbro, on the ground of desertion and abandonment for more than two years before the filing of the petition. There is no complaint of so much of the decree as grants defendant a divorce on her cross-petition, but it is urged that the amount of alimony awarded is clearly excessive, in view of the financial condition of appellant, who was plaintiff in the court below.

It appears from the evidence in the bill of exceptions that plaintiff and defendant were married in the state of Illinois in the year 1866, and lived together as husband and wife from that time until the year 1900, when, on account of differences arising between them, the husband left defendant, and subsequently removed to Lancaster county, Nebraska, where he now resides, and where he had been residing for two or three years before the decree was entered. It appears from the testimony that there is nothing in the conduct of either that imputes moral obloquy to either, but that the differences, such as they were, all arose from a mere incompatibility of disposition. There are two children surviving of the marriage —one, a married daughter of the age of 28 years; the other, a son of the age of 17 years, who resides with his mother in Sterling, Illinois. At the time of the marriage the husband had a very small patrimony, and during the time of the marriage the wife received $500 from her father's estate. Outside of this all the property owned by them stands as the joint product of their industry and thrift. The evidence shows that this property consists of 80 acres of land in Lee county, Illinois, of the value of $60 an acre, the legal title of which is in the wife; also a certificate of deposit in the First National Bank at Sterling of $1,857.73, and a certificate of deposit in the Sterling National Bank of $218, both of these certificates being in the name of the wife, giving her a total of $6,469.73 in her own right, without any indebtedness outstanding against it. The evidence shows that plaintiff has in his

own name a business block in Sterling, Illinois, of the value of $15,000; a residence at Sterling, Illinois, of the value of $7,000; and a house and lot in Sterling, Illinois, of the value of $700; or a total of real estate of the value of $22,700, which stands in his own name. The evidence shows that there is household and kitchen furniture owned between the parties of the value of $200, and that plaintiff is indebted on mortgages, judgment liens and outstanding claims in the sum of $6,000. In this condition of the property the trial court awarded the wife, in addition to the land and certificates of deposit held by her, the household and kitchen furniture of the value of $200; alimony in gross in the sum of $5,500. If the decree as awarded is permitted to stand, it would leave the wife in possession of property practically of the value of $12,500, without any indebtedness to meet, except her attorneys' fees in this proceeding; and it would leave the husband real estate of the estimated value of $22,700, from which he would have to pay his outstanding indebtedness of about $6,000, the judgment for alimony of $5,500, and his attorneys' fees and costs of this litigation.

As has been said by this court in numerous cases, there is no hard and fast rule for awarding alimony in a divorce proceeding. The time the parties have lived together as husband and wife, the contributions that have been made by either or both to the property accumulated during the marriage relation, and the health and condition of. the parties at the time of the decree are all elements that should be considered in making the award. Now in the case at bar there is every reason why substantial justice should be accorded to each of these parties. The husband was 61 years of age and the wife 58 years of age at the time of the decree; neither are in robust health, and all the property stands for their joint accumulation. While there is no doubt but that the wife should have a fair and reasonable share of the accumulated property, yet we cannot but be impressed with the idea that the things awarded her—being unincumbered real estate, interest bearing cer-

tificates in solvent banks, household and kitchen furniture, and a money judgment against the plaintiff of $5,500—are clearly more than an equitable division; especially when this property remaining as the husband's share is all real estate, some of it incumbered with mortgages, and other of it with judgment and attachment liens, which, while considerably less than its estimated value, might, if pressed for immediate collection, sacrifice the whole or nearly all of the property allotted to him. For this reason, we think the award excessive, and recommend that the judgment of the district court be modified by an award of $2,500 as · alimony in gross instead of $5,500, as adjudged in the court below, and that, as so modified, the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is modified by an award of $2,500 as alimony in gross instead of $5,500, as adjudged in the court below, and, as so modified, the judgment of the district court is affirmed.

JUDGMENT MODIFIED.