ROBERT WILKINS, APPELLEE, v. MARTHA L. WILKINS, APPELLANT.

FILED APRIL 13, 1909.    No. 15,581.

1. **Divorce: PLEADING: RES JUDICATA.** Where a wife brings a suit for divorce on the ground of cruelty, and such suit is finally determined against her on the merits, she cannot afterwards, in a suit for divorce brought by her husband charging her with desertion, plead the facts upon which she depended to establish the charge of cruelty as an excuse for such desertion.

2. ———: **ALIMONY: REVIEW.** Where a wife was the recipient of an income sufficient for her support, and much larger than could be derived from the property of the husband, and the husband shortly before their separation accounted and paid to her the entire amount of the income derived from her property during the existence of the marriage relation, a judgment of the district court granting a divorce to the husband for the wife's desertion will not be reversed nor modified because such court refuses to allow the wife alimony.

3. ———: **CUSTODY OF CHILD.** An award of the custody of an infant child made upon granting a divorce, where neither parent is shown to be disqualified, should be made subject to the further order of the court.

4. ———: **SUIT MONEY.** The amount of money to be allowed a wife to pay the expenses of defending a suit for divorce is largely

within the discretion of the district court, and its action will not be reviewed where it does not appear that the wife has been hampered in making her defense, or is financially unable to pay expenses necessarily incurred.

APPEAL from the district court for Johnson county: WILLIAM H. KELLIGAR, JUDGE. *Affirmed as modified.*

*S. P. Davidson,* for appellant.

*George W. Berge, contra.*

CALKINS, C.

This was a suit for divorce on the ground of desertion brought by the husband against the wife. The wife defended, denying the desertion and demanding alimony and the custody of the one minor child, a girl about four years old at the time of the trial. There was a decree granting the divorce and giving to the defendant the custody of the child until she should arrive at the age of eight years, or until the further order of the court, with an allowance of $75 per annum to be paid by the father until the child reached said age of eight years. Alimony was denied, and the defendant appeals.

1. The defendant contends that the charge of desertion is not sustained by sufficient evidence. She left the plaintiff's home more than two years before the commencement of this action, beginning an action for divorce on the ground of his misconduct prior to that time. This suit was determined adversely to her claim, and the judgment has become final. She has never offered to return to plaintiff's home, and the only excuse for leaving is the misconduct which she alleged and failed to establish in the suit brought by her. On the trial of this action, being asked by the court whether she wanted him to have the divorce, she replied that she could not live with him and that she did not know that she cared; while, in answer to a question propounded by her own attorney, she answered that she was satisfied they

could never live together as husband and wife. Her unexcused absence for more than two years from the home of her husband, together with her statement that she could not live with him, were sufficient to justify the district court in finding that she was guilty of desertion.

2. Complaint is made of the refusal of the district court to allow the defendant alimony. It appears that the plaintiff is the owner of a farm of 150 acres, which is valued at about $100 an acre; that he is possessed of a small amount of personal property; that the defendant is the owner of a life estate in 330 acres of farm land, the income from which is about $1,000 per annum; that, during the time the parties lived together as husband and wife, the husband collected the rents from the said 330 acres and used that in common with his own income; that a few days before defendant left plaintiff she demanded an accounting for these moneys and a payment of the amount thereof from her husband, and that he at that time gave her his note for $6,000, which was equal to the amount of the proceeds of these lands received by him, and which note has since been paid. It therefore appears that the wife has property from which she derives a fair income, in addition to the $6,000 which she was thus enabled to accumulate during her married life. While under the statute alimony may be awarded to a wife against whom divorce is decreed (*Dickerson v. Dickerson*, 26 Neb. 318), this is done upon the theory that the wife directly or indirectly assists in the accumulation of the property acquired during the existence of the marriage relation, and that, when the tie that binds the family is severed by the interposition of law, she should receive a just proportion of what she has helped to earn. The mere naked legal liability of a husband to support his wife should not, however, be enforced after her desertion of him. In this case the wife is well provided for in her own right, and, though the income of her husband aside from that produced by his own labor was much less than her own, she was allowed to accumulate the entire amount thereof, while her hus-

band bore the burden of the family expenses during their married life. Under these circumstances, her equities in the accumulations of her husband during this period do not appear, nor do her necessities demand an allowance out of his property.

3. As we have seen, the award of the custody of the child was made until she should arrive at the age of eight years, and this limitation is the subject of defendant's most serious complaint. It is argued that the effect of this decree must be to keep the mother in continual suspense and uncertainty, and in anticipation of the danger that the child may be taken away from her at the end of the period named. We think this criticism is not unfounded. While a decree awarding custody of the children is always subject to modification on account of changed conditions and circumstances there is no reason apparent to us why the award of the custody of this child should be limited to a period ending with her eighth year, thereby inviting a new controversy whether the surrounding conditions should remain the same or not. It is not contended that either of the parents is unfitted morally or temperamentally to have the custody of the child, and it was, we think, eminently proper, considering her sex and tender years, to award her general custody to her mother until the further order of the court.

4. Provision was made in the decree that the father should have the right at any reasonable time, upon his good behavior, to visit said child and have said child visit with him in the village of Cook, not exceeding one hour. While the plaintiff is not here complaining, we deem it proper to say that this seems to us a totally inadequate recognition of the father's rights. He should have an opportunity to become acquainted with his child and to secure her attachment to him, and a child should not be deprived of the acquaintance of her father, nor of his love and affection. This can only be secured by association. The father should have the right, if he so desires, to visit

17

the child at reasonable times and with reasonable frequency, and should also have the right to have the child visit him. Such visits, however, should not be protracted for such a length of time as to, in effect, remove the child from the custody of the mother. It is very difficult to lay down specific rules upon such a subject which will be just and adequate under the varying circumstances which must arise in the future. It should be sufficient to say that the rights and privileges accorded to each parent should be exercised with good judgment and discretion, with mutual forebearance, and with proper regard to the rights of each other and to the welfare of the child.

5. Complaint is also made of the amount awarded the mother toward the support of the child. The largest item in the maintenance of a child of tender years is the personal care which it requires, the actual amount of expenditures for sustenance and clothing being relatively small. As the child becomes older these proportions change. We think it right that the mother should furnish this personal care, and the amount awarded may be a fair contribution from the father at the present time. If he should fail to voluntarily meet this increasing expense, the decree should be modified to require him to pay a larger amount to the mother.

6. The defendant contends that the amount allowed by the district court for her expenses in defending the action was insufficient. This question is committed to the discretion of the district court. *Brasch v. Brasch,* 50 Neb. 73; *Willits v. Willits,* 76 Neb. 228. We should not interfere in a case where it does not appear that the wife has been hampered in making her defense, or is financially unable to pay expenses necessarily incurred.

7. In the brief and oral argument the defendant asks for an allowance to pay the expenses of prosecuting this appeal. Considering the financial circumstances of the parties to this suit, we think it advisable to refuse to make such allowance.

We therefore recommend that the judgment of the dis-

trict court be modified by striking out the provisions (1) limiting the mother's custody of the child until it arrives at the age of eight years; (2) limiting the right of the father to visit the child and have the child visit him; (3) limiting the payment of the sum of $75 per annum until the child shall reach the age of eight years. We also recommend that the decree be further modified so as to allow the father the right at any reasonable time, upon his good behavior, to visit the child and have the child visit him, and, as thus modified, that the judgment of the district court be affirmed.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is modified by striking out the provisions limiting the mother's custody of the child until it arrives at the age of eight years, limiting the right of the father to visit the child and have the child visit with him, and limiting the payment of the sum of $75 per annum until the child shall reach the age of eight years. The decree is further modified to allow the father the right at any reasonable time, upon his good behavior, to visit the child, and have the child at reasonable intervals visit him; otherwise it is affirmed.

AFFIRMED AS MODIFIED.