HATTIE HAASE, APPELLANT, V. EMIL HAASE, APPELLEE.

FILED FEBRUARY 21, 1929. No. 26402.

*F. M. Deutsch,* for appellant.

*Hugh J. Boyle, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD and DAY, JJ., and ELDRED and REDICK, District Judges.

DEAN, J.

November 14, 1927, Hattie Haase obtained a divorce from Emil Haase in Madison county on the ground of extreme cruelty. She was also awarded the custody of their infant son, who was less than a year old. The decree requires the defendant to pay $10 a month for the support of the child, and $1,000 as permanent alimony, and attorney's fees. It is conceded by the parties hereto that the only question presented for review here is whether the money decreed by the court to be paid over by the defendant for the support of the infant child and the plaintiff is adequate for the purpose for which it is intended.

In respect of the defendant's financial standing, it is undisputed that he is the owner of a quarter section of Madison county land and some other valuable property.

The statute applicable to the facts before us follows:

"Upon every divorce from the bonds of matrimony for any cause excepting that of adultery committed by the wife, and also upon every divorce from bed and board, from any cause, if the estate and effects restored or awarded to the wife shall be insufficient for the suitable support and maintenance of herself and such children of the marriage as shall be committed to her care and custody, the court may further decree to her such part of the personal estate of the husband and such alimony out of his estate as it shall deem just and reasonable, having regard to the ability of the husband, the character and situation of the parties, and all other circumstances of the case." Comp. St. 1922, sec. 1533.

The record shows that, as is so often the rule in a domestic tragedy of this character, some fault may be found on both sides of the controversy. The present case is no exception to the rule. Nevertheless, under the laws of God and man, one of the most sacred duties of a normal man is to support his wife and his offspring. It appears from the evidence that defendant's property is reasonably worth from $16,000 to $20,000, and a very large part of this he tried to conceal by a conveyance, without consideration, to his father. Clearly, it is only right and proper that the defendant should be compelled to respond in a substantial amount for those who are lawfully dependent upon him for their support. From the record we conclude that the learned trial court fixed the permanent alimony at a sum that is disproportionate to defendant's means and is wholly inadequate to supply the reasonable requirements of those whose right it is to rely upon him for daily bread and for the common necessaries of life. In view of the evidence, we conclude that the plaintiff should recover $3,000 from the defendant as permanent alimony, and also $15 a month for the support of the child until the further order of the court.

The judgment of divorce is affirmed, and the judgment for alimony is reversed and the cause is remanded, with directions to the trial court to render a decree for plaintiff for $3,000 as permanent alimony and for $15 a month for the support of the infant child until the further order of the court.

AFFIRMED IN PART, AND REVERSED IN PART
AND REMANDED, WITH DIRECTIONS.