GEORGE E. CARLSON, APPELLEE, V. OLGA H. CARLSON, APPELLANT.

283 N. W. 214

FILED JANUARY 4, 1939. No. 30454.

*Ledwith & Ledwith* and *August C. Krebs,* for appellant.

*D. B. Massie, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

MESSMORE, J.

Plaintiff sued for a divorce, alleging extreme cruelty; further that two children were born as the result of the marriage—Norma, born November 12, 1933, and Walter, born February 18, 1937; and prayed for an absolute divorce, the care, custody and control of both minor children. The defendant answered, denying extreme cruelty to the plaintiff, and for her cross-petition alleged that she had been residing with her parents in Lincoln, Nebraska, since May 6, 1937, and that the two children of the marriage, since their respective births, have been in the custody and

control of the cross-petitioner; further alleged extreme cruelty on plaintiff's part towards her; and prayed that plaintiff's petition be dismissed, that she be awarded an absolute divorce, the care, custody and control of both minor children, and support money for herself and the minor children, and prayed for equitable relief.

April 5, 1938, the court entered its decree, finding that the plaintiff should be granted a divorce from the defendant, and awarded to the plaintiff the custody of the daughter Norma during the school year, and for the remaining three months of each year to the mother; further that the plaintiff was entitled to the child Norma, commencing April 8, 1938, and retaining custody of her until June 1, 1939, at which time the mother should have the custody of the child until September 1, 1939. The custody of the infant Walter was awarded to the defendant. The decree further provided for the payment of $10 a month for the support of the child Walter, and $10 a month for three months of the year that the daughter Norma would be in the custody of her mother; provided for property settlement and attorneys' fees. The defendant, cross-petitioner, appeals from the judgment and decree.

The evidence discloses that the parties were married April 14, 1931; that the plaintiff lives on a farm two miles west of Sutton, in Clay county, Nebraska, and by a previous marriage has a boy 13 years of age. The wife left the home May 6, 1937. Both the plaintiff and the defendant are persons bearing good reputations and are highly respected by their neighbors as hard-working, home-making and intelligent people. The only difficulty between the two is the deep-seated belief of each in their own faith or religion, which caused many controversies, disagreements and misunderstandings during the course of their married life; more particularly with reference to the children and the baptism of them. The plaintiff insisted that they be baptized by an ordained minister, denoting his belief and respect for the clergy. The infant Walter was so baptized. The defendant desired to have the children baptized by a

deacon of the church to which she belongs, where baptism by a minister is not necessary. Norma was so baptized, which displeased the plaintiff. The parties being adamant upon their religious beliefs and remaining constant in their position that true religion demanded certain ceremonial rites carried out in a prescribed way and by persons peculiarly qualified led to the court's decree.

This case presents a very unusual situation, and the record discloses an earnest effort on the part of counsel for both parties in an endeavor, by their examination of the principals involved, and subsequently by the court in arriving at a decision, to perfect a reconciliation. To cover the details of the disagreements as to the religious faith of the parties herein and their apparent inability to agree for the best interests of the children would unnecessarily lengthen this opinion. The defendant insisted on bringing up the children in her own faith, and apparently in one church where she would have to travel a distance, as shown by the record, of 90 to 100 miles when taking the children to church. The record is void of the existence of a church, of like or similar nature, in the vicinity of the residence of defendant's parents where she now lives, and apparently the church of her choice is the only one that she considers.

The differences between the husband and wife, concisely stated, is in the defendant's testimony, a part of which is quoted: "Q. You loved your faith and he loved his? A. Yes, sir. Q. And the babies suffered—is that it? A. Yes, sir. Q. You both pretended to be christians? A. Yes. Q. Do you think there is a possibility of you and your husband returning to the home, which was created for the purpose of these two children? A. No. Q. And being big enough and intelligent and christian enough to suppress your own feelings and emotions? A. No. Q. You don't think that could be done? A. No. * * * Q. And after the children have grown a little older, they may follow any creed that they select or desire? A. If they are old enough for themselves, when they become of age, they can take what they want."

The court made the following finding in the decree: "That both parties are responsible, competent and able physically and morally and in other ways to have the custody of the children." The principal issue before us is the decree of the district court in awarding the custody of the daughter Norma to the plaintiff during the school year, and to the defendant for three months constituting the summer vacation period of the year.

In the case of *Feather v. Feather*, 112 Neb. 315, 199 N. W. 533, this court held: "In divorce actions, in making disposition of the custody of a child of tender years, the policy of the law is to look to the welfare and best interests of the child." This is the very question with which we are concerned.

In *Swolec v. Swolec*, 122 Neb. 837, 241 N. W. 771, it was held: "In awarding the custody of minor children, the court looks only to the best interests of such children, and those of tender age are usually awarded to the mother. Other considerations being equal, it is usual to award the custody of children to the innocent spouse."

In the instant case, the court found both plaintiff and defendant responsible and competent, physically and morally, to have the custody of the children which was awarded to them. The record discloses the truth of such finding. Both the husband and wife are people of high moral character, hard-working, intelligent and respected. The plaintiff is a farmer and has been employed on the soil conservation committee for a period of four years. By such employment he is at times away from home and would be unable to devote sufficient time to the welfare of Norma. True, his aunt, a respected person, a nurse though not registered, who has raised four children, is keeping house for him; he has the necessary, proper and comfortable facilities for the welfare of the child, and is capable of supporting her. On the other hand, the mother, who is living with her parents, has the necessary facilities and a comfortable home in which to raise the child, and it must be generally conceded that the best interests and welfare of a child of

tender years will be best subserved by placing the child in the custody of the natural mother, especially so when she is a fit and proper person, and there is no allegation or proof to the contrary.

The trial court possibly had in mind that the mother had left the home first and was the wrong-doer, and in applying the principle of law, as announced in *Swolec v. Swolec, supra*: "Other considerations being equal, it is usual to award the custody of children to the innocent spouse."

In examining the record in this case, we recognize that it is seldom, if ever, that any other person can be found who can bestow upon a child of tender years such loving care and have its welfare so much at heart as its mother. The record does not disclose anything that would justify depriving this mother of the care and custody of her infant daughter.

The decree of the district court should be modified, as to place the care and custody of the child Norma in her mother, with the right of the plaintiff husband to visit the child at all reasonable and proper times and under proper conditions and circumstances, either at the mother's place of residence or at some place agreed upon by them, and that the plaintiff have the care, control and custody of the child Norma for and during the period of the summer vacation. It is also advisable in this case that the care and custody of the child be under the strict supervision of the court while in the mother's custody.

The decree should be further modified in awarding the mother an additional $10 a month during the period that the minor child Norma is with the mother; that is, during the school year. This amount of $10 a month is not to be paid during the period that she is with her father; that is, during the vacation period in the summer; all subject to further order of the court. For services rendered in this court by defendant's attorney a fee of $100 is allowed, to be paid by the plaintiff; plaintiff to pay the costs of this proceeding.

The decree of the court, in so far as the minor children are concerned, is never final in the sense that it cannot be changed. Section 42-312, Comp. St. 1929, provides: "If the circumstances of the parents shall change, or it shall be to the best interests of the children, the court may afterwards, from time to time, on its own motion, or on the petition of either parent, revise or alter to any extent, the decree so far as it concerns the care, custody and maintenance of the children or any of them." For this reason and because of the peculiar circumstances of this case, we believe that the custody of the child Norma should be in the mother, as stated in this opinion, under the strict supervision of the court.

AFFIRMED AS MODIFIED.