ARDEN CRANDALL, APPELLANT, V. MARIE LUHNOW: ARTHUR E. SCHRAM ET AL., APPELLEES.

288 N. W. 29

FILED OCTOBER 20, 1939.   No. 30663.

*John E. Newton*, for appellant.

*Carlos W. Goltz* and *Kingsbury & Kingsbury*, contra.

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

PAINE, J.

Plaintiff husband granted divorce from wife for cruelty, and given custody of six-year-old daughter. Husband, los-

ing the farm he had rented, and doing odd farm jobs, turns his daughter over to his parents. Mother of daughter, having remarried, files application to take daughter to her home in San Diego, California. Arthur E. Schram, maternal grandparent, also asks court for custody of the little girl. Father resists all such applications, but court awards custody of child to said Arthur E. Schram and Edith Schram, his wife. Plaintiff filed motion for new trial, supported by affidavits. Motion overruled, but order of execution to sheriff to place child in custody of maternal grandparents stayed pending appeal.

As the determination of the issues involved rests upon the evidence offered, a rather full statement of the facts will be made.

On August 15, 1936, Arden Crandall filed petition for divorce against Marie Crandall, now Marie Luhnow, alleging that the parties were married at Sioux City, Iowa, September 29, 1924, but always lived in Dixon county, Nebraska. Plaintiff charged defendant with cruelty, in that she disliked the hard work required of a farmer's life, and this led to frequent quarrels, and on one occasion she slapped the plaintiff in a public dance hall, to his great embarrassment and humiliation, and finally she picked up her personal effects and left, saying that she would never return.

Plaintiff alleged that on August 28, 1930, a daughter, Mona Joyce Crandall, was born as the issue of said marriage, and he alleges that he is a proper and fit person to have the care, custody, and maintenance of said child. He asks for a divorce and the custody of the daughter.

The defendant in her amended answer denied each and every allegation contained in said petition.

Trial was had and a decree entered, and the allegations of the petition found true, and that defendant has been guilty of cruel and inhuman treatment of plaintiff. It was held that plaintiff was entitled to the custody of Mona Joyce Crandall, subject to the right of the defendant and defendant's parents, Mr. and Mrs. Arthur E. Schram, to visit said minor child at any reasonable time. The decree

also gives to the defendant the piano, rug, bed, bedding, dresser, chairs, pictures, books, and alimony of $200, payable $50 cash and three payments of $50 each at the dates set out in the decree.

On August 11, 1938, the defendant, under her new name of Marie Luhnow, filed application for modification of the decree, and asked that she be given the sole custody of the daughter, Mona Joyce Crandall. The reasons alleged for such change in custody are that the plaintiff was formerly a fairly prosperous farmer, but that he is now hardly able to maintain himself, doing odd jobs as a farm hand; that he has turned the care, custody, and control of the child over to his parents, who are farm renters, who, it is charged, profess no religion and are both uneducated persons, and have stated that they do not believe in the education of children.

It is further set out in said application that the circumstances of the defendant have also changed, in that she has married Lester Luhnow, who is permanently employed by the gas and electric company in San Diego, California, and that as a result of such remarriage there has been born to her a child; that they have a modern home in a nice community, close to a public school and a Christian church, which home is located at 3888 Beta street, San Diego, California. That Lester Luhnow is willing and able to assume towards Mona Joyce Crandall the relationship of a father, to give her many advantages, and to care for said child as his own.

On January 30, 1939, a revised decree was entered, setting out that evidence had been taken at Ponca, Dixon county, and at Pender, Thurston county, the plaintiff appearing and resisting the application for a change in the decree.

Arthur E. Schram, maternal grandparent of Mona Joyce Crandall, asked the court on its own motion to revise the decree and award to him and his wife the care, custody, and maintenance of said granddaughter.

The decree recites that, after listening to all of the testi-

mony and observing the demeanor of each of the witnesses, and having heard arguments of counsel and taken the matter under advisement, the court finds that the plaintiff did not pay the full sum of $200 awarded in the former decree until an application was filed to cite and punish him for contempt of court, whereupon he paid the balance; that the plaintiff did place the said Mona Joyce Crandall in the home of his parents in Cedar county, Nebraska, and by reason of the small size of the home, and the large number of people living therein, it was not an adequate place for the rearing of the child, and the court finds that it is not for the best interests of Mona Joyce Crandall that she longer remain therein.

The court further refuses to entertain the application of the mother to remove the child from its jurisdiction to California, but finds that it is now for the best interests of the child that Mona Joyce Crandall be given into the care, custody, control, and maintenance of Arthur E. Schram and his wife, Edith Schram, the maternal grandparents, and the sheriff is directed to forthwith execute the order, and take said child, wherever found, and deliver the child to Mr. and Mrs. Schram. It is further ordered that the plaintiff and the defendant shall each have the right to see and visit said minor child in the home of Mr. and Mrs. Schram at reasonable times.

In September, at the hearing on the application of the defendant, the plaintiff testified that he had had the custody of his daughter since it was awarded to him in the original case; that he and his brother ran a filling station in Walthill, the brother being married, and they all lived together, and that the little girl remained there until school was out, when he took her to the home of his parents, where she then attended a country school, taught by Elizabeth Bracht, and that also she attended Sunday School when living with his parents, and that his parents went to church. He testified that he planned to keep the daughter himself next year, as he was planning on getting married to the school-teacher who had taught his daughter in the country school. He

claimed that she had a one-fourth interest in 160 acres of clear land, that she had some money, and that her parents were both dead, and that he expected to be married by December and rent a farm and move onto it.

A neighbor testified that her children went to the same school with the plaintiff's daughter, Mona Joyce; that she was clothed warmly in the winter-time; that she was a polite, well-behaved child; that her grandparents took her to Sunday School whenever the roads were passable; that the little girl was in good health, and neat and clean, and seemed to have plenty to eat.

Immediately after the decree granting the custody of the minor to the maternal grandparents, the plaintiff filed a motion for a new trial, setting out that the judgment and decree is contrary to law, not sustained by sufficient evidence, is not confined to the issues presented by the pleadings, but goes far beyond said pleadings, and that said evidence fails to show that the plaintiff is an unfit person to have the care, custody, and control of said child, and for newly-discovered evidence caused by the change in circumstances of the plaintiff.

Several affidavits in support of said motion for rehearing were filed, one of said affidavits being filed by the new wife of the plaintiff, Mrs. Arden Crandall, formerly Miss Elizabeth Bracht, setting up her marriage to the plaintiff on September 29, 1938, and that for six years prior thereto she has been a school-teacher; that she and her husband have established a new home on a farm just west of Hartington, Cedar county, Nebraska; that the lease they have runs until 1940; that the farm is 153 acres, and a good, productive farm, and that they are now fully equipped and financially able to properly farm the same; that they have a good consolidated public school, and church and Sunday School facilities near-by, and that Mona Joyce Crandall is now eight and a half years old, and has been making her home with them since their marriage, and receiving every care and attention required and necessary for a child of her years; that she is regularly attending school, and is

receiving proper religious training, both in the home and in the near-by church; that she is also receiving training in music and other accomplishments, and that the stepmother is willing and anxious to assume the custody and help her husband raise his daughter, and will raise her as though the child were her own.

On February 4, 1939, the cause came on for hearing upon the motion of plaintiff to reopen said case and introduce this new evidence arising since his marriage and the establishment of a home. The court denies said motion for the reason that the plaintiff had remarried more than a month prior to the opening of the term at which the decree was announced, "and if plaintiff desired to rely upon said change in circumstances, and to urge the same as a reason for his being granted custody of the minor Mona Joyce Crandall, he had ample time to apply to the court for leave to reopen the case and present such testimony."

The court further says in its order: "The court does not see fit at this time to alter its order entered January 16, 1939, but will do so, of (if) and when the plaintiff can satisfy the court that his home, resulting from his second marital venture, is of a stable character and a proper home for his minor child. * * * It appearing further to the court that an appeal is contemplated, it is further ordered that execution of the order of January 16, 1939, be withheld pending said appeal, provided it is lodged in the supreme court within 30 days."

The decree hereinabove set out was dated January 30, 1939, and a bond for appeal was given nine days thereafter, and the transcript was filed in the supreme court on March 4, 1939.

The result of the court withholding the order to the sheriff to put the minor in the possession of her maternal grandparents has been to leave the minor with the plaintiff and his present wife for over a year.

The father is generally entitled to the custody of his children because of his obligation to maintain and educate them. 17 Am. Jur. 511, sec. 673. But our court has said

those of tender age are usually awarded to the mother. *Swolec v. Swolec,* 122 Neb. 837, 241 N. W. 771.

However, in the case at bar, the mother abandoned her child and remarried, and lives in California. It is usually best for the court to keep children within its custody, for it is impossible to anticipate changes which may occur in the habits, character, fitness, or financial condition of the parents. 17 Am. Jur. 518, sec. 684. The matter of primary concern is the welfare and best interests of the child.

This court has said: "The father is entitled to the custody of the daughter, rather than the maternal grandparents, where he is an entirely proper person, and has a satisfactory place to keep her, considering all facts relating to her age, care, education, and maintenance." *Hobza v. Hobza,* 128 Neb. 598, 259 N. W. 516. See, also, *Voboril v. Voboril,* 115 Neb. 615, 214 N. W. 254.

In view of the time that has now elapsed since the previous order of the trial court, we believe the interests of the child would be best served by reexamination of the entire situation of the parties. The cause is accordingly remanded to the trial court for this purpose.

REVERSED.