ELLIS YORK, APPELLEE, v. MABEL YORK, APPELLANT.
292 N. W. 385

FILED JUNE 7, 1940. No. 30752.

*Stanley Bartos,* for appellant.

*Cook & Cook, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

JOHNSEN, J.

Plaintiff instituted divorce proceedings against his wife, to escape his mother-in-law, who, he felt, had made a protectorate of his home, and to quiet title to his peace of mind. The wife filed a cross-petition, and the court, on adequate grounds, gave her the divorce. The decree provided that she should have the custody of their four-year-old son "with the exception of twenty days of each year, during the months of June, July or August, and that during said period of

twenty days in each year the custody of said child is hereby granted to N. M. York, the father of the plaintiff, in order that said child may live with and visit his father." Each party was given the right to visit or talk by telephone with the child, at reasonable times and hours. Defendant was allowed no permanent alimony, but plaintiff was required to pay her the sum of $25 a month for the support of the child, until further order of the court. The decree provided also that the child should not be removed from the state without a court order.

Defendant has appealed from (1) the granting of the custody of the child to plaintiff's father for a period of twenty days during the summer months of the year; (2) the amount allowed her for the support of the child; (3) the prohibition against removing the child from the state without the court's consent; and (4) the failure to allow her permanent alimony.

On the first issue, we feel that it was a proper exercise of discretion on the part of the trial court to allow the child to spend twenty days each summer with his paternal grandparents and his father. A somewhat similar situation was involved in *Carlson v. Carlson*, 135 Neb. 569, 283 N. W. 214. The determining factor necessarily is the child's welfare. *Hobza v. Hobza*, 128 Neb. 598, 259 N. W. 516. The high character of N. M. York and the quality of his home abundantly appear from the record. Plaintiff also has had his abode there since his marital bark foundered. The evidence sufficiently indicates the affection and solicitude, both of the grandparents and of the father, for the child—matters of which the trial judge was able to judge, even more capably than we, from the attitudes and expressions at the trial. The record shows that defendant intended to make her home more than 150 miles distant, so that no opportunity would exist for regular contacts and associations. The ties between an only child and his father, and with grandparents having pride and concern for their lineage, may legitimately be the subject of judicial fostering, through reasonably sustained contacts, under proper surroundings,

where such contacts are merited and may reasonably be expected to be of benefit and pleasure to the child. Indeed, neither the father nor the child should be deprived, more than the necessities of the situation reasonably require, of the opportunity for mutual cultivation, through association, of acquaintanceship and love for each other. *Wilkins v. Wilkins*, 84 Neb. 206, 120 N. W. 907. And what youngster's life would not normally be enriched, in James Whitcomb Riley fashion, by a vacation at his grandparents, joined with the comradeship of his father? In any event, we believe with the trial court, until the contrary has been demonstrated, that the child will profit from the relationships which the decree permits.

On the question of the amount allowed defendant for the support of the child, we agree also with the judgment of the trial court that, in view of the age of the child, and on the basis of the parties' previous standard of living, the sum of $25 a month is a reasonable present allowance. There is nothing in the record to show that any special expenses will be involved in caring for the child. The normal expenditures for clothing and sustenance for a four-year-old child, in the circumstances in which the parties had been living, would be moderate, and for the personal care which the mother might be required to give the child, she could not, of course, expect compensation. *Wilkins v. Wilkins, supra.* If the allowance made subsequently demonstrates its insufficiency, the trial court at all times can soundly control it.

The prohibition against removing the child from the state without the court's consent cannot be said, from the record, to be an abuse of discretion on the part of the trial court. We have previously declared that it usually is best to keep the children in a divorce case within the jurisdiction of the court. *Crandall v. Luhnow*, 137 Neb. 13, 288 N. W. 29. The record must show some special and controlling reason why such a provision ought not to be included in a particular case before we will interfere with the trial court's decree. No such reason is pointed out in this case and none appears from the record.

This leaves only the question of the failure of the trial court to allow defendant permanent alimony for consideration. Plaintiff has no property except a mortgaged Ford and some law books. At the time of the separation, he gave defendant all of the household furniture. There is an accumulation of debts from the marriage of approximately $700. The income from plaintiff's practice has averaged $1,600 to $2,400 a year. Defendant was a teacher in the public high school at Lexington at the time of their marriage. During the early years of the marriage she occasionally served as a substitute teacher, from which she received the sum of $250. These earnings appear to have been contributed to their common livelihood. She intended to return to the teaching profession after the divorce. Her mother testified that she was going to make a home for her and assist in her support.

In the absence of any accumulation from the marriage, and with the somewhat limited professional earnings of plaintiff, there is not much out of which an alimony allowance can be made. It also appears that defendant will be fully able to earn her own living as a teacher. The facts remain, however, that defendant has given nine of the best years of her life to plaintiff, that plaintiff, by his drinking, has been responsible in a considerable measure for the separation, and that defendant has contributed at least the sum of $250 to the marital venture. In this situation she ought not to be required to go out into the world without at least a token of alimony. While, as indicated, she seemingly is capable of earning her own living and apparently is assured of a home, it is not a question solely of what the necessity of her situation requires, but equally what fairness and justice demand, as between the parties, under all the circumstances. *Swolec v. Swolec,* 122 Neb. 837, 241 N. W. 771. We feel that plaintiff, without undue hardship, can and should be required to pay defendant, as permanent alimony, the sum of $1,000, at the rate of $25 a month. She will be allowed also the sum of $100 for attorney's fees in this court.

The decree of the trial court will be modified to include these allowances, and, as thus modified, will be affirmed.

AFFIRMED AS MODIFIED.