JAMES H. GIBSON, APPELLEE, V. ELSIE MARIE GIBSON, APPELLANT.

26 N. W. 2d 6

FILED JANUARY 31, 1947. No. 32142.

Kennedy, Holland, DeLacy & Svoboda and L. J. Tierney, for appellant.

J. J. Harrington, for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

PAINE, J.

This is the second appeal of this case. The first opinion appears in 143 Neb. 882, 11 N. W. 2d 760, in which opinion the difficulties which resulted in the original decree of divorce are set out in full, and will only be very briefly referred to herein.

It was set out therein that the wife contributed $1,285 at the time of their marriage, November 11, 1939, at which time the husband had very little property. The sum of $1,165 of her $1,285 was deposited in her husband's bank account, and within a few months he had checked out all except approximately $200, and applied some of it on bills for erecting a home and used the balance to pay bills in his business as a road contractor.

The issue of this marriage was a boy born September 27, 1941, who had a large hernia and was continuously sick. During the two years of their marriage the husband prospered financially in his business of road-making for the county, townships, and cemetery association. His income

tax return for 1941 showed an income of $2,713.32 after all legal deductions.

The mother took the baby to Omaha December 19, 1941, where he was operated upon, and she paid $117 of the bill. She then took her little boy to the home of her parents in Omaha and never lived with her husband again. Her mother was a wheel-chair invalid; her aged father was able to earn but little.

On the appeal in the original case, this court granted an increase of alimony to the wife, and fixed it at $3,000, payable $50 a month, and neither party at that time objected to the allowance of $20 a month made for the child's support.

The pleadings in the present appeal consist of a petition, an answer and cross-petition, and a reply. The petition filed by the husband sets out that no definite time or period was fixed during which the support of the boy should be paid at $20 a month, nor did the order fix the total amount which should be paid, which it is charged was an oversight on the part of the court. Plaintiff asked that the court vacate its former judgment and decree as to the minor and fix the total amount of money which must be paid for the support of the boy, setting out as his reason that this judgment for support money prevents him from selling his real estate, and he prayed that, when the total sum was fixed for the support of the boy, that he be allowed to pay it in monthly payments, or to pay in the present worth of the judgment if he desired to do so.

To this petition an answer and cross-petition was filed, in which it is alleged that it would be wholly improper for the court to fix a total lump sum for the payment for the support of the child and relieve the father from further support of his minor child, and that a still larger amount than $20 a month will be required until the minor is self-supporting, for that sum is ridiculously inadequate under the present cost of food and clothing; that the boy has never been a healthy child, and needed special foods and warm

clothing, and the mother is without funds to furnish these requirements; that she was not physically able to work and was ill a great deal of the time, due to the fact that her husband did not furnish her with proper care during the time of her pregnancy and confinement, and that she was in need of an operation because thereof.

She also alleged that during seven months of 1942 she never received anything from her husband, who should be required to pay during such period; that her father, because of his age, is able only to earn enough money to support himself and his invalid wife.

The wife prayed that the former decree be modified as to the allowance of child support, and that the same be raised from $20 a month to $35 a month, and that she have judgment in addition for alimony and child support during the seven months in 1942 in which she received nothing, and that she be allowed an attorney's fee.

In the reply it is set out that defendant was endeavoring to harass and annoy plaintiff by tying up this property by objecting to its sale. It is alleged that the court has a right to fix in a lump sum the amount to be paid for the support of the minor child, and that when he pays off said sum the judgment for support money should not stand as security for some possible emergency which might arise at some indefinite time in the future; that he has a comfortable home and suitable surroundings for the support and education of the child, and that if granted the care, custody, and control of the child he will properly maintain and care for it, for which relief he prayed in his reply.

Trial was had October 2, 1945. James H. Gibson testified that the decree as it stands is unsatisfactory; that the best offer he ever had on the dwelling house in Chambers was $1,800, but that because of the present rise in prices he now has an offer of $3,500; and that he would like to sell the property and turn the money over and pay up the judgment for child support and be relieved of the lien

therefor. He stated that he owns no other real estate at the present time.

Elsie Marie Gibson, the defendant, testified that she lives with her parents at 2723 North Forty-seventh Avenue, Omaha, and is 44 years of age. Prior to her marriage she was employed for 18 years by the Nebraska Culvert Manufacturing Company, receiving a salary of $125 a month plus a bonus. She continued to work there a few months after her marriage, then went to Chambers to live in June 1940. She testified that at the time of the birth of their boy little help was furnished, and on the fifth day thereafter her husband compelled her to get up and do the work; that because thereof her health has been poor, she is unable to work, and needs operations for an infected kidney and a cystic ovary. As she was unable to make the trip to O'Neill, this evidence was taken by deposition.

On December 15, 1941, Mr. Gibson started a divorce action, and four days later defendant left for Omaha. She has had the custody of the child since the separation. She testified that she made no objection at the first trial to the award of $20 a month for the support of the child because at that time conditions were different than they are today. She testified further that the hernia operation on the baby was performed by Dr. Shramek in Omaha, and the child did improve until the last two years, but is failing again and losing weight; that the doctor attributes that to infectious tonsils and advises an operation, but he is too weak yet for an operation and the doctor is trying to build him up; and that he only weighed 32 pounds. Defendant paid $130 for the hernia operation, in installments. The doctor advised plenty of nourishing food and warm clothing for the child to keep him from catching colds. He also recommended exercise toys, such as tricycles, but witness could not afford them. She itemized $66.50 worth of clothing, etc., as necessary for the child, and listed items of food purchased for the child from January 1 through June 1945 in the sum of $138.50, miscellaneous expense for that

period, including medicines, dressings, cod liver oil, etc., $31.05, clothing for that period $34.47, making a total of $204.02 for the six months. She does not pay any rent to her parents.

The mother testified that the least amount required for the support of Jerome per month would be $35. She testified that plaintiff was working at the Island Supply Company at Grand Island. She was not willing to accept a lump sum settlement for the support of the child, nor to accept the present worth of any total amount, nor to waive any liens. She had no income other than that received from Mr. Gibson, and asked that the amount of child support be increased from $20 to $35 a month.

On redirect examination plaintiff testified that, because of the return of former employees who were service men, he has been released from his job in Grand Island. He denied that he told his wife to get up after her confinement, but told her to stay in bed.

The principal assignments of error charge that the district court was in error in awarding a lump sum for support of minor child and in not granting adequate support of $35 a month for such support.

In the cross-petition defendant asked for payment for January, February, March, July, August, September, and October 1942. Some of these months were before the original decree was entered and some of them after the decree was entered, but upon appeal to this court we directed that she be paid $3,000 in payments of $50 a month, with proper credit for payments on alimony theretofore made.

In regard to modification of a judgment for alimony payable to the wife, if the original decree left the total amount of alimony uncertain then it may be revised or altered, as set out in the case of Young v. Young, 138 Neb. 294, 292 N. W. 923, but if there was an unconditional amount for alimony, this court said, in the case just cited, it is improper for this court to open up the original divorce

decree, retry the case, and determine whether the original decree was proper at the time it was entered, for a final decree adjudicating the property rights of the parties may not be revised or altered after the expiration of six months from the date of its entry.

In the case of Dunlap v. Dunlap, 145 Neb. 735, 18 N. W. 2d 51, this court said that a final judgment for alimony was not subject to modification under the provisions of section 42-324, R. S. 1943, except as to alimony for future payments.

It appears to us that there is no merit to the claim for additional payments for certain specified months, for under our decree in the first case plaintiff is required to continue to pay defendant until the full sum of $3,000 alimony has been paid, and such judgment should not be modified at this time, as asked for by defendant.

The provision for suitable maintenance for minor children is entirely distinct from the allowance of specific alimony to the wife. The father continues to be liable for the support of his minor children after the divorce, usually to the same extent as before. See 17 Am. Jur., Divorce and Separation, § 695, p. 531. Such payments for the support of minors become vested as they accrue. Wassung v. Wassung, 136 Neb. 286 N. W. 340. They do not become dormant because of a failure to issue execution thereon for more than five years. In re application of Miller, 139 Neb. 242, 297 N. W. 91. The obligation to support a minor child should not in any way be concluded by the parents' divorce, for the minor is not a party to that proceeding. See Warner v. Warner, 219 Minn. 59, 17 N. W. 2d 58.

"The decree of the court, in so far as the minor children are concerned, is never final in the sense that it cannot be changed." Carlson v. Carlson, 135 Neb. 569, 283 N. W. 214.

Section 42-324, R. S. 1943, provides that, if the court shall find that it is to the best interests of minor children, the court may revise and alter such decree relating to the allowance to be paid for the support of the children.

"The decree for child support in a divorce action is at all times subject to review in the light of changing conditions regardless of the particular language of the award." Saum v. Saum, 144 Neb. 842, 14 N. W. 2d 844.

"If the allowance made subsequently demonstrates its insufficiency, the trial court at all times can soundly control it." York v. York, 138 Neb. 224, 292 N. W. 385.

"Leave is given either party to apply to the district court for a modification of the order here made, with respect to custody of the minor child and allowance for its support, upon showing made of changed conditions." Dier v. Dier, 141 Neb. 685, 4 N. W. 2d 731. See, also, Turco v. Turco, 128 Neb. 50, 257 N. W. 485.

The Nebraska Legislature has shown its desire to protect a minor child of divorced parents, for it has provided in section 42-310, R. S. 1943, that upon proper application the court may provide for suitable maintenance of the minor children during pendency of the divorce suit. And again, in section 42-312, R. S. 1943, it reads:

"If the circumstances of the parties shall change, or it shall be to the best interests of the children, the court may afterwards from time to time on its own motion or on the petition of either parent revise or alter, to any extent, the decree so far as it concerns the care, custody and maintenance of the children or any of them."

And, in default of sufficient security to be given by the husband to guarantee payments of allowances made, a court may appoint a receiver to take charge of a husband's real or personal property and hold the same and the rents and profits therefrom as security for payment of installments to fall due in the future. § 42-323, R. S. 1943. Our court has also granted injunctions to prevent alienation of real or personal property to avoid payment of such decrees. See Wolfe v. Wolfe, 144 Neb. 55, 12 N. W. 2d 368; Jensen v. Jensen, 144 Neb. 857, 15 N. W. 2d 57; Wassung v. Wassung, *supra.*

In a Nebraska divorce action it was directed that a payment of $25 a month be made for the support of the children until the further order of the district court. The husband became in default to the extent of $953.50, and an action in debt, founded on a judgment record, was brought in the District of Columbia by the mother, who had become a resident thereof. Defendant appealed from a judgment of the Supreme Court of the District of Columbia to the Court of Appeals, where it was submitted December 10, 1917.

It was charged in defense that the decree of the Nebraska court was not a final decree, hence not entitled to the protection of the full faith and credit clause of the United States Constitution. In the opinion it was said: "The contention against the finality of the decree is based upon the provision which says that the requirement touching the alimony is to endure only 'until the further order' of the court. But this does not disprove its finality as to instalments past due. The decree may no doubt be altered by the court as to future payments, but there is no suggestion in it that, as to the instalments which have matured, it is not final. * * * No Nebraska statute nor decision has been brought to our attention which would authorize the court under the power reserved to so change the decree as to affect the instalments past due. In view of this and of the authorities cited, we hold that the modification of the decree, if made, would operate prospectively only, and hence that the decree is final as to the instalments of alimony in arrears." Phillips v. Kepler, 47 App. D. C. 384.

The last decree appealed from awarded for the support of the child $20 a month for seven months beginning March 1, 1946, thereafter $25 a month to continue 60 months, and thereafter $30 a month beginning October 1, 1951, and continuing for 92 months, the total award amounting to $4,400, all to be paid to the clerk of the district court for Holt County, Nebraska, together with $75 attorney fee for the defendant.

In our opinion, the entry of a judgment and decree against the plaintiff in the full sum of $4,400 for the support of the minor is not supported by the law, for section 42-312, R. S. 1943, set out herein,would be entirely ineffective if such a final judgment could be entered as was done in this case.

It is improper under the law to make a final, definite, and positive entry of such a judgment for the support of a minor child, for the amount to be paid must vary with the several needs of the child for food, clothing, and expenses involved in his education, with his necessary medical and surgical requirements, and the court may also consider such changes in the financial condition of the father as are shown by the testimony. Therefore, the law has provided that the monthly payments can be changed from time to time as the evidence warrants.

Because of the immediate need of a tonsillectomy, and so that he may be able to attend school in fair health, and be properly fed and clothed, it is the order of the court that the support money judgment entered in our former opinion, of $20 a month for this boy, be increased to $30 a month, beginning on the date of the entry of the latter decree appealed from and continuing until further order of the district court for Holt County, Nebraska. The judgment entered in the district court of $4,400 is hereby set aside. The defendant is allowed an attorney's fee of $100 in this court.

REVERSED.

WENKE, J., concurring.

I am in full accord with the opinion. However, it is my opinion that the plaintiff, under the pleadings, the evidence offered in support thereof, and the provisions of section 42-323, R. S. 1943, should be authorized to sell the dwelling house located in Chambers for the sum of $3,500 and deposit the proceeds thereof in court as security for the payment of the allowance for the minor child.