CHARLOTTE E. SYAS, APPELLEE, V. DONALD W. SYAS,
APPELLANT.
34 N. W. 2d 884
Filed December 10, 1948. No. 32489.

*Bremers & Hunt,* for appellant.

*Penelope H. Anderson,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-
MORE, YEAGER, CHAPPELL, and WENKE, JJ.

WENKE, J.

This appeal arises out of the provisions in a divorce
decree entered by the district court for Douglas County
in favor of the plaintiff and appellee, Charlotte E.
Syas, as they relate to the minor child, Sharon Kay.
His motion for new trial having been overruled the de-
fendant and appellant, Donald W. Syas, has appealed to
this court.

No question is raised as to the absolute divorce granted
appellee and the evidence is amply sufficient to sustain
the granting thereof.

Appellant raises three questions. They are: First,

the awarding of the custody of their minor child, Sharon Kay, to appellee; second, the time allowed appellant to visit the child; and third, allowing the appellee to remove the minor child out of the jurisdiction of the court, that is; to Thermopolis, Wyoming.

As to these features the decree provided as follows:

"* * * custody of the minor child * * *, Sharon Kay Syas, be, and it hereby is granted to the plaintiff.

"* * * that the defendant have the right of visitation with the minor child of the parties hereto, the time of such visitation being hereby fixed as between the hours of One o'clock P. M., and Seven o'clock P. M.; once each week on either Saturday or Sunday * * *.

"* * * that the plaintiff be, and she hereby is, granted permission to remove the minor child of the parties hereto from the jurisdiction of this court to Thermopolus, Wyoming, in order to take employment."

The record shows that the parties were married in December 1941. As a result of this marriage there was born a daughter, Sharon Kay, who was six years of age at the time of the trial. Appellee had been previously married and had a child by her first marriage. This child was 12 years of age at the time of the trial.

It does not appear that the married life of these parties proved to be very congenial as they seemed to have had difficulties which began not too long after the marriage. This finally resulted in their separation in June 1946 and appellee filing suit for divorce. A decree in her favor was entered therein on December 6, 1946. However, on December 20, 1947, they were again married. This second marriage was of extremely short duration for on January 21, 1948, this action was filed and the decree was entered on March 10, 1948.

During all of the time since her birth Sharon Kay has been with the appellee. This was true during the 21-month period that appellant was in the armed forces and also after their separation in June 1946.

As to the custody of the minor child this court has

often said that ordinarily the interests and welfare of a child of tender years will be best served by placing the child in the custody of the natural mother provided she is a fit and proper person. Wilkins v. Wilkins, 84 Neb. 206, 120 N. W. 907, 133 Am. S. R. 618; Feather v. Feather, 112 Neb. 315, 199 N. W. 533; Carlson v. Carlson, 135 Neb. 569, 283 N. W. 214; Crandall v. Luhnow, 137 Neb. 13, 288 N. W. 29; Dier v. Dier, 141 Neb. 685, 4 N. W. 2d 731.

The evidence shows appellee to be a fit and proper person to have the care of this child. The evidence shows that appellee has always had the child's custody and given her good care and there is nothing in the record that would justify this court in now making a change.

As to the second question raised by the appellant, it can be said that a decree awarding one parent the custody of a child should, under normal circumstances, include a provision permitting the parent deprived of the custody to visit with the child under such conditions and in such manner as the circumstances may warrant and only under exceptional circumstances should that right be totally denied. See, Wilkins v. Wilkins, *supra;* Taminosian v. Taminosian, 117 Neb. 285, 220 N. W. 271; Carlson v. Carlson, *supra;* York v. York, 138 Neb. 224, 292 N. W. 385; Osborn v. Osborn, 143 Neb. 1, 8 N. W. 2d 444; and 27 C. J. S., Divorce, § 312, p. 1177.

We find that under the facts and circumstances disclosed by the record that the time and opportunity allowed the appellant to visit with the minor child is proper. The record would seem to indicate that when appellant did have opportunities to visit the child he used them more to argue with appellee than to visit with the child.

As to the court's permitting appellee to take the child out of the jurisdiction, we think that it is generally the best policy in divorce actions to keep minor children within the jurisdiction of the court. However, the wel-

fare of the child should receive the paramount consideration in the determination of this matter and this policy should yield to the child's best interests. See, Crandall v. Luhnow, *supra;* York v. York, *supra;* Osborn v. Osborn, *supra;* Jensen v. Jensen, 237 Iowa 1323, 25 N. W. 2d 316; Conrad v. Conrad, (Mo. App.) 296 S. W. 196; State v. Hall, (Mo.) 257 S. W. 1047; Stetson v. Stetson, 80 Me. 483, 15 A. 60; Kirby v. Kirby, 126 Wash. 530, 219 P. 27; Bennett v. Bennett, 228 Wis. 401, 280 N. W. 363; and 27 C. J. S., Divorce, § 313, p. 1179.

It would appear that the principal reason for the trial court permitting appellee to remove the minor child from the jurisdiction was to permit her to accept a position at Thermopolis, Wyoming, in civil service. The record indicates that appellee has always had the custody of the minor child and in the last few years has primarily carried the burden of her support. It would appear she was, at the time of trial, employed in Omaha as a secretary and receiving a substantial salary. However, the possible tenure thereof was not shown and based on the past her employment has not been too secure. Her position in civil service at Thermopolis not only gives her a somewhat larger salary but more security in tenure with possible advancement. Since appellee has the primary burden of supporting this child, even though appellant is required to pay $50 per month for support and maintenance, we think this security is all important in order to stabilize a home for the child. We find the child's welfare will be best served by permitting appellee to move the child out of the jurisdiction as authorized in the trial court's decree.

If, as appellant contends, the provisions in the decree as to visitation in the form as therein provided will be, for all practical purposes, ineffective because of the fact that the minor child has been permitted to be taken to Thermopolis, it should be said that the matter is always open for the trial court, on proper showing, to make a modification thereof.

From an examination of the entire record we find the matters complained of by appellant to be without merit and that the record fully supports the provisions of the decree as fixed by the trial court with reference to the minor child's custody. The decree of the trial court is therefore affirmed.

We also allow appellee an attorney's fee of $150 for services in this court, the same to be taxed as costs against the appellant.

AFFIRMED.