Rose Marie Matz, appellee, v. Floyd J. Matz, appellant.

159 N. W. 2d 568

Filed June 14, 1968. No. 36802.

Richard J. Bruckner, for appellant.

Margaret A. Lawse, for appellee.

Heard before, White, C. J., Carter, Spencer, Boslaugh, Smith, McCown, and Newton, JJ.

Boslaugh, J.

This is a divorce action brought by Rose Marie Matz against Floyd J. Matz. The trial court granted a divorce to the plaintiff, and the defendant has appealed.

The parties were married in Council Bluffs, Iowa, on February 18, 1953. The plaintiff was then 19 years of age. The defendant was 43 years old but represented his age to be 28.

On August 11, 1964, while the parties were living in Council Bluffs, they had an argument that, in the words of the plaintiff, developed into a "knockdown-drag-out battle." The plaintiff sustained a shoulder separation, bruises on her throat, a split lip, and cut under her eye. The plaintiff left the house later that morning and moved to Omaha where she has lived since that date. The plaintiff testified that she is afraid of the defendant, that she believes that he tried to kill her, and that there is no chance for a reconciliation.

The plaintiff commenced an action for divorce in Iowa which was tried in Council Bluffs on December 10, 1964. The judgment of the Iowa court was not pleaded or

proven, but a record of the testimony heard in that case was received as an exhibit in this case without objection. At the conclusion of the hearing, the Iowa court denied a divorce, stating that the parties were left to "work out their own problems." The record indicates that the Iowa court seemed to feel that the assault upon the plaintiff was justified to some extent by the conduct of the plaintiff.

This action was filed April 7, 1967. The petition as amended alleges extreme cruelty, abandonment, and nonsupport. The answer is a general denial.

The evidence shows that the parties have been separated since August 1964. The defendant has not supported the plaintiff and has made no real effort at reconciliation. The parties have no children. There is no dispute concerning property, and the plaintiff does not ask for alimony. The sole issue is whether the plaintiff is entitled to a divorce.

The case turns upon the question of whether the plaintiff can claim constructive abandonment where the separation occurred before she was denied a divorce by the Iowa court in 1964. This court has held that where a wife sues for divorce on the grounds of cruelty, and the suit is finally determined against her on the merits, she cannot afterwards, in a suit brought by her husband charging her with desertion, plead the facts upon which she depended to establish the charge of cruelty as an excuse for such desertion. Wilkins v. Wilkins, 84 Neb. 206, 120 N. W. 907, 133 Am. S. R. 618.

In this case the plaintiff does not rely upon the same grounds as in the former action; and the Iowa court did not determine that the defendant was blameless. The former action determined only that the plaintiff was not entitled to a divorce at that time upon the facts proved. A number of courts, including Iowa, hold that cruelty, which by itself is not sufficient to constitute grounds for divorce, may justify a separation and permit a later action for divorce upon the grounds of abandonment and

nonsupport. See, Bunger v. Bunger, 249 Iowa 938, 90 N. W. 2d 1; Gordon v. Gordon (Fla.), 59 So. 2d 40; Leahy v. Leahy, 208 Or. 659, 303 P. 2d 952; 24 Am. Jur. 2d, Divorce and Separation, § 116, p. 276; 27A C. J. S., Divorce, § 36 (3), p. 107, and § 56 (4) (b), p. 184.

The decree in this case was filed on August 17, 1967. On November 13, 1967, the trial court filed a supplement to the decree which states in part: "* * * it is patently clear that the legitimate ends and objects of this marriage have been permanently and irreparably destroyed. * * * the plaintiff and defendant are separated by vast differences in age, emotion, personality and interests of life. * * * up to the time of trial, a period of over three years, the parties have remained apart; that for well over two years the defendant has not contributed to the plaintiff's support nor has he attempted a reconciliation. * * * the defendant's stated desire for a reconciliation and his profession of love for the plaintiff lack sincerity; that the plaintiff has been nervous and in a state of mental turmoil since at least August 11, 1964; that the defendant's resistance to a divorce is an effort to further disappoint and annoy the plaintiff; and that the best interests of everyone require that a decree of absolute divorce be granted." The foregoing summary of the evidence is supported by the record.

Under the particular facts and circumstances in this case, we believe that the judgment of the district court was correct. It is, therefore, affirmed.

AFFIRMED.